UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TTAN, LLC, a Utah limited liability company; and BRADLEY J. BOYLE, an individual,

    Plaintiffs,

v.

KYLE J. COPELAND, et al.,

    Defendants.

Case No. 1:25-cv-00526-AKB

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION**

In this action, Plaintiffs TTAN, LLC and Bradley J. Boyle allege a claim for violation of the Securities Exchange Act, 15 U.S.C. § 78j, and seven state law claims (Dkt. 1). Pending before the Court is, among other motions, the Motion to Compel Arbitration and to Dismiss Case in its Entirety, or Alternatively to Consolidate Case (hereafter motion to compel arbitration) brought by Defendants Kyle J. Copeland; Paul Southam; Scott Symington; JIFU, LLC; Mango-JIFU, LLC; Pincast, LLC; KJC Global Solutions, LLC; and DBGK Holdings, LLC (collectively Defendants)[1] (Dkt. 20).

Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). As explained below, the Court denies Plaintiffs' motion to seal the exhibits to

---

[1] There are three other defendants in this case who have apparently not yet been served and have not appeared: Danien Feier, Seven Holding Limited, and Unity Global DMCC (Dkt. 1).

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 1**

their complaint (Dkt 4); denies Plaintiffs' motions for entry of default (Dkt. 16; Dkt. 17; Dkt. 18; Dkt. 19; Dkt. 21; Dkt. 22); and grants Defendants' motion to compel arbitration (Dkt. 20). The Court denies all other pending motions as moot.

## I.    BACKGROUND

This dispute involves JIFU, an Idaho limited liability company; its members; and individuals related to the members. The crux of Plaintiffs' claims is that Defendants engaged in a campaign to squeeze Plaintiffs out of JIFU. Relevant to the dispute is the Amended and Restated Operating Agreement of JIFU (hereafter Operating Agreement), which contains an arbitration provision (Dkt. 20-2 at 35 (§ 13.9)). Although the parties have filed voluminous information in the record regarding their dispute, the Court does not need to address that information because ultimately the parties have agreed the dispute must be arbitrated pursuant to the Operating Agreement, as discussed below.

## II.    ANALYSIS

### A.    Plaintiffs' Motion to Seal Complaint's Exhibits

Plaintiffs move to seal from the public record twenty-four exhibits attached to their complaint (Dkt. 4; Dkt. 5 (exhibits)). These exhibits include, for example, the Operating Agreement, a severance agreement, promissory notes, emails, text messages, meeting minutes, an asset purchase agreement, and other business documents. In support of their motion, Plaintiffs note that the severance agreement contains a provision whereby Boyle agrees to maintain certain information confidential and that the footer of the Operating Agreement states it is confidential (Dkt. 4-1 at 2). Although Plaintiffs acknowledge that they "do not necessarily agree" that all the complaint's exhibits are confidential, they posit that Defendants "may assert otherwise" (*id.*). Meanwhile, Defendants have never responded to Plaintiffs' motion to seal.

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 2**

Throughout the history of the federal judiciary, courts have maintained a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation modified). The party seeking to seal a judicial record bears the burden of rebutting this presumption; the party must show "compelling reasons" that specific facts outweigh the "general history of access and the public policies favoring disclosure." *Id.* at 1178–79. These "compelling reasons" must be based on "articulable facts known to the court" and not on "unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). Conclusory statements are insufficient, especially when the document at issue has already been made public. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) ("The only reasons provided for sealing the records—to avoid embarrassment or annoyance . . . are not 'compelling,' particularly because the proceedings had been a matter of public record.").

Here, Plaintiffs do not provide a compelling reason to justify sealing the complaint's exhibits. Although the severance agreement provides that Boyle must maintain certain information as confidential, Plaintiffs do not identify what, if any, information in the exhibits falls under this confidentiality provision. Plaintiffs also hypothesize that Defendants might assert certain exhibits are confidential, including the Operating Agreement. Defendants, however, have neither responded to Plaintiffs' motion to seal nor otherwise asserted confidentiality. Indeed, Defendants have filed the Operating Agreement elsewhere in the public record in this case (*see* Dkt. 20-2 at 12–52). Based on this record, Plaintiffs have not shown any compelling reason to seal the complaint's exhibits. Accordingly, the Court denies Plaintiffs' motion to seal.

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 3**

**B.      Plaintiffs' Motions to Enter Default Against Defendants under Rule 55(a)**

The Court also denies Plaintiffs' motions for entry of default against various Defendants (Dkt. 16; Dkt. 17; Dkt. 18; Dkt. 19; Dkt. 21; Dkt. 22). Rule 55(a) of the Federal Rules of Civil Procedure provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(c), however, provides that a court may set aside an entry of default under Rule 55(a) for "good cause shown."

In determining whether good cause exists, a court must consider three factors: (1) whether defendants engaged in culpable conduct that led to the entry of default; (2) whether defendants have no meritorious defense; or (3) whether setting aside the entry of default would prejudice plaintiff. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). This standard if disjunctive, and the existence of any factor is reason to refuse to set aside a default. *Id.* "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

Here, Plaintiffs filed their complaint on September 11, 2025 (Dkt. 1). Between September 17 and 26, Plaintiffs served Defendants, and Defendants' responses were due between October 8 and 17 (Dkt. 8; Dkt. 9; Dkt. 10; Dkt. 11; Dkt. 12; Dkt. 13; Dkt. 14; Dkt. 15). On September 24, defense counsel contacted Plaintiffs' counsel and represented defense counsel was authorized to accept service on behalf of all served Defendants (Dkt. 29-1 at 5 (Ex. A)) Further, defense counsel proposed a single responsive deadline for Defendants (*id.*). Plaintiffs' counsel responded that he was unable to reach his client but would follow up after reaching him. (*id.*). On September 26, however, Plaintiffs' counsel sent profanity-laced texts declining defense counsel's offer to accept service; the tenure of these texts was apparently prompted by failed negotiations between counsel regarding the parties' dispute (*id.* at 9–10 (Ex. B)).

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 4**

After Defendants did not timely respond to Plaintiffs' complaint, Plaintiffs moved for an entry of default under Rule 55(a) against each Defendant the day after each response was due (Dkt. 16; Dkt. 17; Dkt. 18; Dkt. 19; Dkt. 21; Dkt. 22). The Clerk of the Court, however, never entered any defaults. Rather, before that occurred, Defendants opposed Plaintiffs' motions (Dkt. 29; Dkt. 30; Dkt. 31; Dkt. 32). In support, defense counsel explains that he was negotiating with Plaintiffs' counsel (Dkt. 29-1 ¶ 3); "drafting and executing client agreements and joint representation agreements"; and had begun drafting Defendants' motion to dismiss (Dkt. 29 at 3–4). Defendants argue that good cause exists not to enter defaults against them because they did not engage in culpable conduct; they have a meritorious defense; and Plaintiffs will not be prejudiced (*id.* at 4–7).

The Court agrees that entries of default under Rule 55(a) are not justified in this case and that, assuming the Clerk of Court had entered defaults, good cause would exist under Rule 55(c) to set them aside. First, Defendants did not exhibit culpable conduct by failing to timely respond to Plaintiffs' complaint. Rather, they were diligently working to prepare a defense. While missing important deadlines is never advisable, Defendants attempted to address the issue of a unified response date with Plaintiffs, and Defendants acted expeditiously to rectify their failure to respond timely by filing their oppositions to Plaintiffs' motions for default and their motion to dismiss. Nothing in the record indicates Defendants were acting in bad faith. Plaintiffs fail to establish otherwise.

Second, Plaintiffs have not identified any purported prejudice from Defendants' untimely response. Instead, they have actively litigated the case despite the minor delay in Defendants' response. Finally, the parties have agreed to arbitration, as discussed below. For this reason, the Court declines to comment on the merits of Defendants' defense. That the parties agree the claims

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 5**

must be arbitrated, however, is an adequate basis to reject the notion that Defendants have no meritorious defense. Accordingly, the Court finds good cause to deny Plaintiffs' motions for entry of default.

**C.      Motion to Compel Arbitration**

Defendants move to compel arbitration of this dispute (Dkt. 20). JIFU's Operating Agreement provides for arbitration of any dispute in connection with any other agreement relating to JIFU's business. Specifically, it provides:

> 13.9. ARBITRATION. Any controversy or claim arising out of or relating to this Operating Agreement or under or in connection with any other agreement or instrument relating to the Business, shall be finally resolved by arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association. Any such arbitration shall take place in Idaho, before a single arbitrator chosen in accordance with such Rules. The parties further agree that (a) the arbitrator shall be empowered to order injunctive relief and/or specific performance of the terms and conditions of this Operating Agreement, as well as to include arbitration costs and attorneys fees in the award to the prevailing party in any such proceeding, and (b) the award in such proceeding shall be final and binding on the parties. Judgment on the arbitrators award may be entered in any court having the requisite jurisdiction. Nothing in this Operating Agreement shall require the arbitration of disputes between the parties that arise from actions, suits or proceedings instituted by third parties.

(Dkt. 20-1 at 4–5). Relying on this provision, Defendants argue that "[e]ach of Plaintiffs' claims fall squarely within the broad scope" of the arbitration provision (*id.* at 12). Further, Defendants argue that "'the weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration'" (*id.* at 14 (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), *overruled by Smith v. Spizzirri*, 601 U.S. 472 (2024)).

In response, "Plaintiffs agree their claims arising under federal law and their claims arising [under] Idaho law are arbitrable" under the Operating Agreement (Dkt. 33 at 8). They noted,

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 6**

however, that the United States Supreme Court has held that "when a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024).

*Smith* abrogates the law on which Defendants relied to argue the contrary. *Id.* at 475 n.1. Defendants acknowledge this abrogation. On reply, they state that "the parties now agree that these claims should be arbitrated and that this Court must stay this case and retain jurisdiction pending arbitration" (Dkt. 39 at 10). Accordingly, the Court grants Defendants' motion to compel arbitration and stays the case pending arbitration.

## III.    CONCLUSION

**IT IS HEREBY ORDERED**:

1.    Plaintiffs' Motion to File Under Seal (Dkt. 4) is **DENIED**.

2.    Plaintiffs' Motion for Entry of Default (Dkt. 16) is **DENIED**.

3.    Plaintiffs' Motion for Entry of Default (Dkt. 17) is **DENIED**.

4.    Plaintiffs' Motion for Entry of Default (Dkt. 18) is **DENIED**.

5.    Plaintiffs' Motion for Entry of Default (Dkt. 19) is **DENIED**.

6.    Defendants' Motion to Compel Arbitration and to Dismiss Case in its Entirety, or Alternatively, to Consolidate the Case (Dkt. 20) is **GRANTED** in part and **DENIED** in part. Defendants' Motion to Compel Arbitration is **GRANTED**, and the remainder of Defendants' motion is **DENIED**.

7.    Plaintiffs' Motion for Entry of Default (Dkt. 21) is **DENIED**.

8.    Plaintiffs' Motion for Entry of Default (Dkt. 22) is **DENIED**.

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 7**

9.      Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Rule 65) , for Alternative Service (Rule 43(f)(3)), and for Other Relief (Dkt. 40) is **DENIED** as **MOOT**.

10.     Defendants' Motion for Leave of Court to Add an Exhibit to Supplement Section III B(1)(h)(i) of Seller Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order (Dkt. 54) is **DENIED** as **MOOT**.

11.     This case is **STAYED** pending arbitration. The parties must submit a joint status report on the pendency of the arbitration every **ninety (90) days** following this decision's entry.

DATED: April 17, 2026

Amanda K. Brailsford
U.S. District Court Judge

**ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND GRANTING MOTION TO COMPEL ARBITRATION – 8**